IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY A. CRAMER, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. 3:07-CV-0522 |
| | : | (JUDGE KOSIK) |
| DEAN DEEM, | : | |
| Defendant. | : | |

**MEMORANDUM**

Before the court is the defendant's motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the plaintiff's Fourteenth Amendment due process claim. (Doc. 4). For the reasons that follow, we will deny the defendant's motion and direct the defendant to file an answer to the complaint within ten (10) days.

**I.    BACKGROUND**

Kimberly Cramer (hereinafter "Plaintiff") alleges that on May 6, 2005, she was in a mud room attached to her home with her children and dog. She saw the defendant, Pennsylvania State Trooper Dean Deem, pull his patrol car into Plaintiff's driveway. The defendant asked Plaintiff to exit the house. Plaintiff claims that she "motioned" to the defendant that she was going to let the dog into the kitchen from the mud room. Plaintiff alleges that the defendant then charged her, threw Plaintiff into the kitchen, and began choking her. The defendant then arrested Plaintiff and took her to the state police barracks. At the barracks, Plaintiff complained to the defendant and other troopers that the handcuffs were too tight and that she was hurt.

Plaintiff filed a complaint under 42 U.S.C. § 1983 in this court on March 19, 2007. Plaintiff claims that the defendant used excessive force during the course of her arrest and that the defendant illegally entered her home, in violation of the Fourth Amendment and denied Plaintiff of her due process rights afforded by the Fourteenth Amendment. *See* Doc. 1 at ¶¶ 22 - 25. The defendant filed a motion to dismiss Plaintiff's Fourteenth Amendment due process claim on May 21, 2007.

## II.   DISCUSSION

### A.   Motion To Dismiss - Rule 12(b)(6)

Pursuant to the Federal Rules of Civil Procedure, a plaintiff's complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The Rules further counsel this court to construe all pleadings, "as to do substantial justice." Fed.R.Civ.P. 8(f). When ruling on a motion to dismiss, a district court must treat all well-pleaded allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. *Consolidated Rail Corp. v. Portlight, Inc.*, 188 F.3d 93, 94 (3d Cir. 1999) (citations omitted). A complaint will survive a Rule 12(b)(6) motion so long as it includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S.Ct. 1955, 1974 (2007). The court must decide not whether the plaintiff will prevail on his or her claims, but rather, whether the claimant is entitled to offer proof to support his or her claims. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). It is the defendant's burden to demonstrate that the plaintiff has not stated a viable claim. *Gould Electric Inc. v. U.S.,* 220 F.3d 169, 178 (3d Cir.

2000).

### B.     Fourteenth Amendment Due Process Claim

Defendant Deem's motion to dismiss asserts that the generalized notion of substantive due process found in the Fourteenth Amendment cannot serve as a basis for Plaintiff's excessive force and illegal entry lawsuit where the Fourth Amendment provides an explicit textual source of the constitutional protection relevant to Plaintiff's claims.  The defendant cites the Supreme Court opinion of *Albright v. Oliver* in support of his motion to dismiss.  Specifically, the defendant contends that *Albright* precludes any Fourteenth Amendment substantive due process claims based upon excessive force.  We refuse to apply the *Albright* holding in such an expansive manner.

*Albright v. Oliver* involved a factual situation distinct from the one presented in Plaintiff's complaint.  *See Albright v. Oliver,* 510 U.S. 266 (1994).  In *Albright*, the plaintiff voluntarily surrendered to the police on an outstanding arrest warrant.  Albright was subsequently released on bail.  A judge dismissed the criminal charges against Albright at a pretrial hearing because the allegations did not constitute an offense under state law.  Albright then filed a § 1983 action against Oliver, the police officer who had obtained the arrest warrant.  Albright claimed that Oliver had deprived him of his Fourteenth Amendment substantive due process right to be "free from criminal prosecution except upon probable cause." *Albright,* 510 U.S. at 269.  He did not allege a violation of his Fourth Amendment rights.  In a plurality opinion, the Supreme Court noted that Albright's claim was "a very limited one" that did not raise procedural due process or Fourth Amendment claims.  *Id.* at 271.  The Court further observed

3

that "as a general matter, the Court has always been reluctant to expand the concept of substantive due process, preferring, instead, to limit substantive due process protections to matters relating to marriage, family, procreation, and the right to bodily integrity." *Id.* at 271-72.  Quoting the earlier case of *Graham v. Connor*, the Supreme Court noted, "[w]here a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims.'" *Id.* at 273 (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989)).   The Court upheld the dismissal of Albright's Fourteenth Amendment substantive due process claim, the sole cause of action pleaded in the complaint.  In dicta, the Supreme Court insinuated that Albright may have had a valid Fourth Amendment claim against Oliver.  *Id.* at 274-75.

The *Albright* opinion has been the subject of significant confusion.  This court is reluctant to apply the *Albright* holding to actions involving Constitutional claims not asserted in that case.  Our reticence with regard to this issue is supported by Third Circuit precedent, as well as case law from district courts within the circuit.  To date, the Third Circuit has applied *Albright* to preclude only those Fourteenth Amendment substantive due process claims arising in § 1983 malicious prosecution cases.  *See e.g. Gallo v. City of Philadelphia*, 161 F.3d 217, 224-25 (3d Cir.1998) (citing *Albright* for proposition that malicious prosecution plaintiff must show "seizure" in violation of Fourth Amendment); *see also Donahue v. Gavin*, 280 F.3d 371 (3d Cir. 2002).  Our sister courts in the Eastern and Western Districts of Pennsylvania have refused to

4

extend the *Albright* holding to other types of § 1983 cases. *See Gallagher v. Cmmw. Of PA Bureau of State Police*, No. Civ.A.05-280E, 2007 WL 141062 (W.D.Pa. Jan. 16, 2007) (holding Fourteenth Amendment due process claim based upon excessive force survives motion to dismiss and limiting *Albright* to the "proposition that a § 1983 malicious prosecution claim cannot be based upon substantive due process"); *see also Bieros v. Nicola et al.*, 860 F.Supp. 226 (E.D.Pa. 1994) (holding excessive force plaintiff could pursue claims under both Fourth and Fourteenth Amendments and refusing to extend reasoning of *Albright* beyond specific facts of that case).

We agree with both the *Gallagher* and *Bieros* decisions. The *Albright* holding is limited to the following: a § 1983 malicious prosecution plaintiff cannot prosecute his claim based upon a violation of his Fourteenth Amendment substantive due process rights. This court will not extend that holding to dismiss, on a Rule 12(b) motion, Plaintiff's claim that the alleged excessive force perpetrated by the defendant violated Plaintiff's Fourteenth Amendment substantive due process rights. We will deny the defendant's motion.[1]

---

[1]

An equally compelling, but ultimately unpersuasive argument could be made that *Graham v. Connor* precludes the instant excessive force and unlawful entry claims premised upon a violation of Fourteenth Amendment substantive due process rights. As noted above, the *Albright* opinion relied heavily upon the earlier *Graham* decision. In *Graham*, the trial court ruled that the plaintiff had to prove a violation of Fourteenth Amendment substantive due process in order to recover on his excessive force claim. The plaintiff appealed, arguing that his excessive force claim should have been analyzed under the Fourth Amendment's objective reasonableness standard, rather than under the more restrictive substantive due process standard. The Supreme Court agreed with the plaintiff, holding as follows:

> Today we make explicit what was implicit in *Garner's*

## III.   CONCLUSION

The defendant has failed to meet his burden to demonstrate that Plaintiff has not stated a viable claim.  *See Gould Electric Inc,* 220 F.3d at 178.  Accordingly, we will deny the defendant's motion to dismiss Plaintiff's Fourteenth Amendment excessive force claim without prejudice to the defendant's asserting the same argument at a later stage of this litigation.  We will direct the defendant to file an answer to Plaintiff's complaint within ten (10) days of this order pursuant to Fed. R. Civ. P. 12(a)(4)(A).

---

> analysis, and hold that all claims that law enforcement officers have used excessive force-deadly or not-in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its "reasonableness" standard, rather than under a "substantive due process" approach. Because the Fourth Amendment provides an explicit textual source of constitutional protection against this sort of physically intrusive governmental conduct, that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims."

*Graham*, 490 U.S. at 395.  *Graham* too, is distinguishable from the instant case.  In *Graham*, the Supreme Court ruled that the district court erred in *requiring* an excessive force plaintiff to pursue the claim pursuant to the Fourteenth Amendment substantive due process analysis.  The issue presented here is whether to *permit* an excessive force plaintiff to prosecute her claim pursuant to the substantive due process analysis.  That difference is not insignificant.  It compels us to reach a holding distinct from that reached in *Graham*.  Absent direction from the Third Circuit, we will not expand the *Graham* holding to preclude a plaintiff, at this early stage in the litigation, from pursuing an excessive force claim on the basis of a defendant's violation of her Fourteenth Amendment due process rights.

6

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY A. CRAMER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 3:07-CV-0522 |
| | : | (JUDGE KOSIK) |
| DEAN DEEM, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this 19th day of July, 2007, IT IS HEREBY ORDERED THAT:

[1] the defendant's Fed.R.Civ.P. 12(b)(6) motion to dismiss the plaintiff's Fourteenth Amendment due process claim is **DENIED**;

[2] the defendant is directed to file an answer to the plaintiff's complaint within ten (10) days of this order pursuant to Fed. R. Civ. P. 12(a)(4)(A).

*s/Edwin M. Kosik*
United States District Judge