# MEMORANDUM

To:     All Counsel
From:   Judge Edwin M. Kosik
Date:   10/13/2010
Re:     Cramer v. Deem, No. 3:07-CV-522

I write this after considering my rulings on Plaintiff's Motions Nos. 1 and 4, which

Plaintiff has asked me to reconsider in light of her reply brief. After reviewing the medical

records again, I am inclined to grant the motion precluding all references to drugs.

Plaintiff's Motion No. 1 requires a review of medical records, specifically Defense

Exhibit No. 18. On April 3, 2007, the doctor recognized a conflict in medications because of the

detection of cocaine, and his intent to discontinue Percocet, he still gave her "last month's supply

of Percocet 60 tablets and educated her how to taper it down." (See Def. Ex. 18, at 13.) Next,

on June 7, 2007, the doctor could not continue Percocet for the same reason. (See id. at 9–10.)

However, his plan was to try "Tramadol" for severe pain. Tramadol appears to be a substitute

for Percocet, even though it is not clear.

Regardless, on September 10, 2007, the doctor notes that Plaintiff was taking the

Tramadol for severe pain. (See id. at 8–9.) The doctor also notes that Plaintiff was to continue

with the Tramadol.

My review suggests to me that another pain drug replaced the discontinued Percocet.

While at one point a positive drug test caused the doctor to discontinue Percocet for pain, another

drug for pain was substituted. In such circumstances, the drug test's relevance would be

substantially outweighed by its prejudice in the averred context. I will not allow it.

FILED
SCRANTON

OCT 1 3 2010

PER _____
DEPUTY CLERK

The same medical records reflect that if Plaintiff's pain may have been more severe at times, it was because she neglected to take her pain medication. I believe this would be admissible, and I will allow it.


EMK