# MEMORANDUM

To: All Counsel
From: Judge Edwin M. Kosik
Date: 10/22/2010
Re: Cramer v. Deem, No. 3:07-CV-522

I am personally upset about what may be a serious problem with the verdict returned in our case. While it takes a judge and two lawyers to try the normal case, the problem should have been avoided, but for, at least my ignorance.

Be that as it may, our case involved a common constitutional tort. I have tried many of these cases and have a file with jury charges that I have given. The question of liability was always followed with a question on proximate or legal causation dealing with damages.

In this case, the defendant offered special verdict questions which followed the aforementioned pattern, i.e. reasonableness of the force followed by the question as to causation of the harm. Although plaintiff offered special verdict questions, they presumed causation damages if unreasonable force was used against plaintiff. No one addressed the latter in our case except for counsel's striking of the causation question by crossing it out on the sample verdict we circulated. Regardless, Plaintiff suggested instruction No. 7 states:

> The plaintiff must show that the injury would not have occurred without defendant's acts. The plaintiff must also show that the defendant's acts played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of defendant's acts or omissions. There can be more than one cause of an injury. To find that defendant's act or omission caused the plaintiff's injury, you need not find that a defendant's act or omission was the nearest cause, either in time or space.

There may be variations in some circuits. But, in Hedges v. Musco, 204 F.3d 109, 121 (3d Cir. 2000), the court said "[i]t is axiomatic that '[a] § 1983 action, like its state tort analogs,

employs the principle of proximate causation.'" Id. (quoting Townes v. City of New York, 176 F.3d 138, 146 (2d Cir. 1999)). Plaintiff must prove that the defendant's action was a proximate cause of the plaintiff's injury.

In Federal Jury Practice and Instructions, we have both verdict forms. See 3B Kevin F. O'Malley et al., Federal Jury Practice and Instructions §§ 165.80 – 165.82 (5th ed. 2001). At § 165.82, the special interrogatories to jurors included a question of proximate causation of damages after a positive response as to liability. We believe it consistent with Third Circuit law.

I am satisfied there was an uncorrectable error. In Padilla v. Miller, 143 F. Supp. 2d 453, 478 (M.D. Pa. 1999), our court found that where a plaintiff establishes the violation of a constitutional right, but has failed to establish actual injury as a result of a constitutional violation (as in our case), nominal damages must be awarded, citing Farrar v. Hobby, 506 U.S. 103, 112 (1992). It obligates the court to direct an award of nominal damages.

In our case, the verdict slip did not provide for the award of nominal damages based on the finding to question one. We are now also led to believe an error was made in not affording the jury an opportunity to find punitive damages based solely on the answer to the first question.

Our alternatives are limited. We can correct the verdict by awarding nominal damages of $1.00. However, this will not solve the problem over punitive damages. While it was mandatory in our case for the jury to award nominal damages, it was not so with punitive damages even if required to consider awarding punitive damages. Would they have done so after examining plaintiff's medical records and not awarding compensatory damages?

We are available to meet with counsel to discuss awarding a new trial if defendant wishes to risk another affirmative response to question one or plaintiff wishes to risk the opposite.

EMK